FILED
April 25, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ BT
DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

FILED
APR 16 2025
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST OKLA
BY _____ nca _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) |
| DERRY LEE DAVIS, <br>   a/k/a D3 Taliban, <br> ANTAJAUN MONZELLE BROWN JR., <br>   a/k/a Antajuan Brown, <br> AMAURION RAMONE NORMENT, <br> DAZJUAN JERAE DEMOND MATTHEWS, <br> AMARION ADRIONE WHITESIDE, <br> OLIVERNAESHA OLIEAH WOODS, <br> LORENZO JONES IV, and <br> MATEI LEANN BASS, <br>                Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

No. CR 25-148 G

Violations: 18 U.S.C. § 1349
18 U.S.C. § 1344
18 U.S.C. § 513(a)
18 U.S.C. § 1704
18 U.S.C. § 1708

# I N D I C T M E N T

The Federal Grand Jury charges:

At all times relevant to this Indictment:

1. The United States Postal Service ("USPS") provided "Arrow Keys" to USPS personnel that allowed the USPS personnel to open and access U.S. Mail drop boxes (commonly called "Blue Boxes"). USPS Arrow Keys each bore a unique serial number, and they were universal-type master keys that could be used to open any Blue Box within a defined geographic region.

2. **DERRY LEE DAVIS** was a resident of the Western District of Oklahoma.

3.     **ANTAJAUN MONZELLE BROWN JR.,** was a resident of the Western District of Oklahoma.

4.     **AMAURION RAMONE NORMENT** was a resident of the Western District of Oklahoma.

5.     JPMorgan Chase Bank, N.A. ("Chase Bank") was a financial institution with offices and branches located in the Western District of Oklahoma, the accounts and deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

6.     Bank of America, National Association ("Bank of America") was a financial institution with offices and branches located in the Western District of Oklahoma, the accounts and deposits of which were insured by the FDIC.

7.     MidFirst Bank was a financial institution with offices and branches located in the Western District of Oklahoma, the accounts and deposits of which were insured by the FDIC.

8.     BOKF, National Association ("Bank of Oklahoma") was a financial institution with offices and branches located in the Western District of Oklahoma, the accounts and deposits of which were insured by the FDIC.

9.     Tinker Federal Credit Union ("TFCU") was a financial institution with offices and branches located in the Western District of Oklahoma, the accounts and deposits of which were insured by the National Credit Union Administration ("NCUA").

10. Focus Federal Credit Union was a financial institution with offices and branches located in the Western District of Oklahoma, the accounts and deposits of which were insured by the NCUA.

## COUNT 1
### (Conspiracy to Commit Bank Fraud)

11. The Federal Grand Jury incorporates paragraphs 1–10 by reference.

12. From at least in or about July 2022, continuing through at least in or about December 2024, in the Western District of Oklahoma,

------------------------------ **DERRY LEE DAVIS,**
　　a/k/a **D3 Taliban,**
**ANTAJAUN MONZELLE BROWN JR.,**
　　a/k/a **Antajuan Brown,**
**AMAURION RAMONE NORMENT,**
**DAZJUAN JERAE DEMOND MATTHEWS,**
**AMARION ADRIONE WHITESIDE,**
**OLIVERNAESHA OLIEAH WOODS,**
**LORENZO JONES IV, and**
**MATEI LEANN BASS** ------------------------------------------

knowingly and intentionally, and with interdependence, combined, conspired, and agreed with each other and others, both known and unknown to the Federal Grand Jury, to commit the offense of bank fraud, in violation of Title 18, United States Code, Section 1344.

### The Object of the Conspiracy

13. The object of the conspiracy was to enrich the conspirators by stealing checks from the U.S. Mail, forging the checks to change the payee name and other information, and then depositing forged checks into bank accounts controlled by conspirators for the purpose of obtaining cash from federally insured financial institutions.

3

## Manner and Means of the Conspiracy

14. The object of the conspiracy was accomplished as follows:

A. **DAVIS** stole a USPS Arrow Key that permitted access to Blue Boxes in the Oklahoma City, Oklahoma geographic area.

B. **DAVIS** and other conspirators used the stolen USPS Arrow Key to access Blue Boxes in and around Oklahoma City, Oklahoma, and stole large quantities of U.S. Mail that had been deposited into the Blue Boxes by members of the public.

C. **DAVIS** opened the stolen mail and found checks that had been placed in the mail by unknowing victims.

D. **DAVIS, BROWN,** and **NORMENT** devised a fraud scheme whereby they fraudulently altered information on the face of the stolen checks, such as payee name and the dollar amount of the check, so that the altered checks could be deposited into the bank accounts of other conspirators who agreed to participate in the scheme in exchange for receiving a portion of proceeds from the forged checks deposited into their bank accounts.

E. In order to find people willing to join the scheme, among other methods, **DAVIS, BROWN**, and other conspirators advertised on social media platforms that they had an easy way to make money and to contact them if interested.

F. **MATTHEWS, WHITESIDE, WOODS, JONES, BASS**, and others, both known and unknown to the Federal Grand Jury, agreed to join the conspiracy by agreeing to work with **DAVIS, BROWN**, and **NORMENT** to deposit forged checks

into their bank accounts for the purpose of obtaining cash from the banks to which they were not entitled.

G.   **DAVIS, BROWN,** and **NORMENT** often requested that these other conspirators give them their bank account debit card, account PIN, and online banking log in information so that they could access the conspirators' account, deposit checks, and transfer funds after deposit.

H.   After the forged checks were deposited into conspirator bank accounts, if the checks cleared, **DAVIS, BROWN,** and **NORMENT** requested that the conspirators who owned the bank accounts provide proceeds from the forged checks in cash or via electronic transfer. In some cases, **DAVIS, BROWN,** and **NORMENT** took proceeds from the forged checks themselves via cash withdrawal or via electronic transfer.

### Acts in Furtherance of the Conspiracy

15.   To effect the object of the conspiracy, **DAVIS, BROWN, NORMENT, MATTHEWS, WHITESIDE, WOODS, JONES,** and **BASS** committed the following acts, among others:

A.   In 2022, **DAVIS** stole a USPS Arrow Key.

B.   From at least in or about July 2022, continuing through at least in or about December 2024, **DAVIS**, alone and with other conspirators, used the stolen USPS Arrow Key to repeatedly steal U.S. Mail deposited into Blue Boxes located in and around Oklahoma City, Oklahoma, including the Blue Boxes located at the Sante Fe Post Office

at 201 S.W. 134th Street, Oklahoma City, Oklahoma, and the Village Post Office at 2304 W. Hefner Road, Oklahoma City, Oklahoma.

    C. In or about September 2022, **DAVIS** recruited **WHITESIDE** to join the conspiracy. **DAVIS** provided **WHITESIDE** four checks that had been stolen from the U.S. Mail and forged to replace the original intended payee name with **WHITESIDE**'s name. In or about September 2022, **WHITESIDE,** while in the Western District of Oklahoma, deposited the four checks into his bank account at Chase Bank, which together totaled $12,592.56. **WHITESIDE** transferred money obtained from depositing the forged checks from his bank account to **DAVIS** via electronic transfer.

    D. In or about October 2022, **DAVIS** recruited Conspirator 1, who is known to the Federal Grand Jury, to join the conspiracy. **DAVIS** provided Conspirator 1 seven checks that had been stolen from the U.S. Mail and forged to replace the original intended payee name with Conspirator 1's name. Between on or about October 18, 2022, and on or about November 7, 2022, Conspirator 1 deposited five of the forged checks into his bank account at Bank of Oklahoma, which together totaled $34,946.16. Between on or about December 28, 2022, and on or about January 5, 2023, Conspirator 1 deposited the remaining two forged checks into his bank account at MidFirst Bank, which together totaled $8,012.57. Conspirator 1 made numerous cash withdrawals from his bank accounts at Automated Teller Machines ("ATMs") in Oklahoma City, Oklahoma, and shared the cash proceeds with **DAVIS**.

H. In or about April 2023, **BROWN** and **NORMENT** recruited **WOODS** to join the conspiracy. Four checks that had been stolen from the U.S. Mail and that had been forged to replace the original intended payee name with **WOODS**'s name were deposited into **WOODS**'s bank account at TFCU in or about April 2023, which together totaled $12,000. Money obtained from depositing the forged checks was transferred from **WOODS**'s bank account to **NORMENT** and Conspirator 2, who is known to the Federal Grand Jury, via multiple electronic transfers. Conspirator 2 then transferred some of these funds to **BROWN**.

I. In or about June 2023, **DAVIS** and **BROWN** recruited Conspirator 3, who is known to the Federal Grand Jury, to join the conspiracy. **DAVIS** met with Conspirator 3 in or about June 2023 in Norman, Oklahoma, and Conspirator 3 provided her bank account information to **DAVIS**. **DAVIS** then mobile deposited a check stolen from the U.S. Mail that had been forged to replace the original intended payee name with Conspirator 3's name in the amount of $5,000 into Conspirator 3's bank account at Chase Bank. The check was not cleared by Chase Bank.

J. In or about June 2023, **NORMENT** recruited Conspirator 4, who is known to the Federal Grand Jury, to join the conspiracy. Conspirator 4 provided **NORMENT** with his TFCU bank account number and log in information. Two checks that had been stolen from the U.S. Mail and that had been forged to replace the original intended payee name with Conspirator 4's name were deposited into Conspirator 4's bank

account at TFCU in or about June 2023, which together totaled $6,000. Conspirator 4 sent **NORMENT** proceeds from the forged check via electronic transfer.

K. On or about September 6, 2023, **BROWN** was arrested on an unrelated charge in Weatherford, Oklahoma. **BROWN** was in possession of a duffel bag at the time of his arrest containing hundreds of checks that had been stolen from the U.S. Mail and a debit card that did not belong to him. Some of the stolen checks in his possession had been fraudulently altered.

L. The Federal Grand Jury incorporates the acts alleged in Counts 2–3, 6–10, and 12–19 by reference, as acts in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
### (Bank Fraud)

16. The Federal Grand Jury incorporates paragraphs 1–10 by reference.

### The Scheme to Defraud

17. The scheme to defraud is alleged in paragraph 14 above, which the Federal Grand Jury incorporates by reference.

18. It was part of the scheme to defraud that **DAVIS** committed the acts alleged in paragraph 15 above, which the Federal Grand Jury incorporates by reference.

### Executions of the Scheme

19. On or about June 5, 2023, in the Western District of Oklahoma,

------------------------------------ **DERRY LEE DAVIS,**
                                                **a/k/a D3 Taliban,** ------------------------------------

with intent to defraud, knowingly executed and attempted to execute a scheme and artifice to defraud Chase Bank, a financial institution that was insured by the FDIC, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the control of Chase Bank, by means of materially false pretenses, representations, and promises. In particular, **DAVIS**, while in the Western District of Oklahoma, deposited a forged check in the amount of $5,000 bearing check number 6842 that had been stolen from the U.S. Mail into Conspirator 3's bank account at Chase Bank (account number XXXXX0530).

All in violation of Title 18, United States Code, Section 1344.

## COUNT 3
### (Forged Security)

20. The Federal Grand Jury incorporates paragraphs 1–10 by reference.

21. On or about June 5, 2023, in the Western District of Oklahoma,


**DERRY LEE DAVIS,**
a/k/a **D3 Taliban**

knowingly made, uttered, and possessed a forged security of an organization that operates in interstate commerce—specifically a check drawn on R.A.'s personal account at Focus Federal Credit Union, a federally insured financial institution—with the intent to deceive another organization, Chase Bank, which also operates in interstate commerce. In particular, **DAVIS** negotiated forged check number 6842 drawn on R.A.'s personal account at Focus Federal Credit Union (number XXXXXXXXX4665) in the amount of $5,000 and deposited the check into Conspirator 3's personal bank account at Chase Bank

(account number XXXXX0530), with the intent to deceive Focus Federal Credit Union and Chase Bank.

All in violation of Title 18, United States Code, Section 513(a).

## COUNT 4
### (Possession of Arrow Key)

22. In or about 2022, in the Western District of Oklahoma,

------------------------------------ **DERRY LEE DAVIS,**
         **a/k/a D3 Taliban,** ------------------------------------------

did knowingly and unlawfully possess a key suited to locks adopted by USPS on authorized receptacles for the deposit and delivery of mail matter, with the intent to use the key unlawfully and improperly.

All in violation of Title 18, United States Code, Section 1704.

## COUNT 5
### (Possession of Stolen Mail)

23. The Federal Grand Jury incorporates paragraph 15 by reference.

24. From at least in or about July 2022, continuing through at least in or about December 2024, in the Western District of Oklahoma,

--------------------------------- **DERRY LEE DAVIS,**
         **a/k/a D3 Taliban,** ------------------------------------------

did unlawfully have in his possession mail matter that had been stolen, taken, and abstracted from an authorized depository for mail matter, knowing the said mail matter to have been stolen, taken, and abstracted.

All in violation of Title 18, United States Code, Section 1708.

## COUNTS 6–9
### (Bank Fraud)

25.  The Federal Grand Jury incorporates paragraphs 1–10 by reference.

### The Scheme to Defraud

26.  The scheme to defraud is alleged in paragraph 14 above, which the Federal Grand Jury incorporates by reference.

27.  It was part of the scheme to defraud that **BROWN** committed the acts alleged in paragraph 15 above, which the Federal Grand Jury incorporates by reference.

### Executions of the Scheme

28.  On or about the dates listed below, in the Western District of Oklahoma,

------------------------------ **ANTAJAUN MONZELLE BROWN JR.,**
a/k/a Antajuan Brown, ----------------------------------------

with intent to defraud, knowingly executed and attempted to execute a scheme and artifice to defraud TFCU, a financial institution that was insured by the NCUA, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the control of TFCU, by means of materially false pretenses, representations, and promises. In particular, **BROWN**, while in the Western District of Oklahoma, deposited the following forged checks that had been stolen from the U.S. Mail into his own personal account at TFCU (account number XXXXXX5747):

| Count | Date | Credit Union | Check No. | Check Amount |
|---|---|---|---|---|
| 6 | July 20, 2022 | TFCU | 9575508 | $2,950.00 |

| Count | Date | Credit Union | Check No. | Check Amount |
|---|---|---|---|---|
| 7 | July 22, 2022 | TFCU | 9746895 | $2,986.00 |
| 8 | July 22, 2022 | TFCU | 9746897 | $2,995.00 |
| 9 | July 24, 2022 | TFCU | 9742993 | $2,994.00 |

All in violation of Title 18, United States Code, Section 1344.

## COUNT 10
### (Forged Securities)

29. The Federal Grand Jury incorporates paragraphs 1–10 by reference.

30. On or about April 10, 2023, in the Western District of Oklahoma,

------------------------------ **ANTAJAUN MONZELLE BROWN JR.,**
a/k/a Antajuan Brown, ----------------------------------------

knowingly made, uttered, and possessed a forged security of an organization that operates in interstate commerce—specifically a check drawn on K.H.L.'s personal account at Bank of America, a federally insured financial institution—with the intent to deceive another organization, TFCU, which also operates in interstate commerce. In particular, **BROWN** negotiated forged check number 221 drawn on K.H.L.'s personal account at Bank of America (account number XXXXXXXX6428) in the amount of $3,000 and deposited the check into **WOODS**'s personal account at TFCU (account number XXXX5829) on or about April 10, 2023, with the intent to deceive Bank of America and TFCU.

All in violation of Title 18, United States Code, Section 513(a).

13

## COUNT 11
### (Possession of Stolen Mail)

31.    The Federal Grand Jury incorporates paragraph 15 by reference.

32.    On or about September 6, 2023, in the Western District of Oklahoma,

------------------------------ **ANTAJAUN MONZELLE BROWN JR.,**
a/k/a Antajuan Brown, ----------------------------------------

did unlawfully have in his possession mail matter, including more than 100 personal and business checks belonging to numerous unknowing victims, that had been stolen, taken, and abstracted from an authorized depository for mail matter, knowing the said mail matter to have been stolen, taken, and abstracted.

All in violation of Title 18, United States Code, Section 1708.

## COUNTS 12–18
### (Bank Fraud)

33.    The Federal Grand Jury incorporates paragraphs 1–10 by reference.

### The Scheme to Defraud

34.    The scheme to defraud is alleged in paragraph 14 above, which the Federal Grand Jury incorporates by reference.

35.    It was part of the scheme to defraud that **NORMENT** committed the acts alleged in paragraph 15 above, which the Federal Grand Jury incorporates by reference.

### Executions of the Scheme

36.    On or about the dates listed below, in the Western District of Oklahoma,

--------------------------- **AMAURION RAMONE NORMENT,** ---------------------------

with intent to defraud, knowingly executed and attempted to execute a scheme and artifice to defraud TFCU, a financial institution that was insured by the NCUA, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the control of TFCU, by means of materially false pretenses, representations, and promises. In particular, **NORMENT**, while in the Western District of Oklahoma, deposited the following forged checks that had been stolen from the U.S. Mail into **MATTHEWS**'s personal account at TFCU (account number XXXXXX7645) and Conspirator 5's personal account at TFCU (account number XXXXXX2943):

| Count | Date | Credit Union & Account | Check No. | Check Amount |
|---|---|---|---|---|
| 12 | January 13, 2023 | TFCU (**MATTHEWS**'s account) | 1069 | $3,000 |
| 13 | January 13, 2023 | TFCU (Conspirator 5's account) | 58177 | $3,000 |
| 14 | January 14, 2023 | TFCU (**MATTHEWS**'s account) | 1045 | $3,000 |
| 15 | January 15, 2023 | TFCU (Conspirator 5's account) | 1053 | $3,000 |
| 16 | January 15, 2023 | TFCU (**MATTHEWS**'s account) | 1046 | $3,000 |
| 17 | January 16, 2023 | TFCU (**MATTHEWS**'s account) | 1076 | $3,000 |
| 18 | January 16, 2023 | TFCU (Conspirator 5's account) | 1060 | $3,000 |

All in violation of Title 18, United States Code, Section 1344.

## COUNT 19
## (Forged Security)

37. The Federal Grand Jury incorporates paragraphs 1–10 by reference.

38. On or about January 13, 2023, in the Western District of Oklahoma,

------------------------------ **AMAURION RAMONE NORMENT** ------------------------------

knowingly made, uttered, and possessed a forged security of an organization that operates in interstate commerce—specifically a check drawn on M.F.'s business account at Bank of America, a federally insured financial institution—with the intent to deceive another organization, TFCU, which also operates in interstate commerce. In particular, **NORMENT** negotiated forged check number 1069 drawn on M.F.'s business account at Bank of America (number XXXXXXXX8316) in the amount of $3,000 and deposited the check into **MATTHEWS**'s personal account at TFCU (account number XXXXXX7645), with the intent to deceive Bank of America and TFCU.

All in violation of Title 18, United States Code, Section 513(a).



ROBERT J. TROESTER
United States Attorney

JACKSON D. ELDRIDGE
Assistant United States Attorney